**Thomas M. MATTICE, M.D., Plaintiff,**

v.

**MEMORIAL HOSPITAL OF SOUTH BEND, Defendant.**

**No. 3:98–CV–0303RM.**

United States District Court, N.D. Indiana, South Bend Division.

Jan. 19, 2000.

Cynthia Rockwell, Haller and Colvin, Fort Wayne, IN, for Thomas M. Mattice, MD, plaintiff.

Gregory W. Moore, John P. Ryan, II, Hall Render Killian Heath and Lyman, Indianapolis, IN, for Memorial Hospital of South Bend, Inc., defendant.

Joseph L. Amaral, Hammerschmidt Amaral and Jonas, South Bend, IN, R. Kent Rowe, III, Marie Anne Hendrie, Rowe and Rowe, South Bend, IN, for Michiana Anesthesia Care, P.C., defendant.

### MEMORANDUM AND ORDER

MILLER, District Judge.

Defendant Memorial Hospital renews its motion to dismiss Dr. Thomas M. Mattice's complaint alleging that Memorial discriminated against him in violation of the Americans with Disabilities Act ("ADA"). On August 3, the court denied without prejudice Memorial's earlier motion to dismiss, which claimed that Dr. Mattice's allegation that he was disabled as defined by the ADA was insufficient to state a cause of action in light of the Supreme Court's decision in *Sutton v. United Airlines, Inc.,* 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Dr. Mattice's amended complaint does not comply with the pleading requirements of *Sutton,* and so must be dismissed because it does not state a claim upon which relief could be granted.

### I. FACTUAL BACKGROUND

Dr. Mattice began working as an anesthesiologist at Memorial Hospital around July 1991. In January 1995, Dr. Mattice was hospitalized for a week or so due to panic disorder and major depression. He returned to work at Memorial soon after that, but again took another medical leave

of absence, due to medication problems, from May to August 1995. After that leave of absence, Dr. Mattice was medically released to return to work without restrictions. Memorial required Dr. Mattice to obtain a second opinion as to his recovery and return to work.

Upon his return to Memorial, Dr. Mattice was told that certain individuals had concerns about the medications that he was taking. Dr. Mattice says his medications have caused him no problems and his mental health has been "stable and satisfactory" since his return. Dr. Mattice also alleges that upon his return, he was "subjected to more rigorous and more critical observation than was necessary or required of other anesthesiologists without Plaintiff's mental health history."

At the end of September 1996, a patient at Memorial died in the operating room while Dr. Mattice was performing anesthesia care for the patient. Memorial immediately suspended Dr. Mattice after that incident, citing quality of care as the reason for the suspension, and noting six other cases.

A peer review panel recommended, after a hearing, that Dr. Mattice be allowed to return to work. The evidence at the hearing either showed that Dr. Mattice met the standard of care required or was inconclusive as to whether he met the standard of care with regard to the cited incidents. Memorial refused to lift the suspension. After his request for appeal was refused, Dr. Mattice submitted a written statement to Memorial's board of trustees. The trustees revoked Dr. Mattice's suspension, but conditioned his return to work on monitoring and testing relating to his mental health history. Dr. Mattice says these testing requirements "made it impossible for Plaintiff to resume his duties at Memorial" under the terms of his agreement. He also alleges that Memorial submitted information on his mental health history to the National Practitioner Data Bank, harming his professional reputation and hindering his ability to get work elsewhere.

In December 1997, Dr. Mattice filed a charge of disability discrimination against Memorial with the EEOC. In March 1998, Dr. Mattice received his Notice of Right to Sue charge from the EEOC and filed this case.

## II. ANALYSIS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate only if it appears beyond doubt that Dr. Mattice can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Herdrich v. Pegram,* 154 F.3d 362, 368 (7th Cir.1998). A claim must be one that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Kyle v.. Morton High School,* 144 F.3d 448, 454 (7thCir.1998); *Sparkman v. McFarlin,* 601 F.2d 261, 276 (7th Cir. 1979). The court construes the complaint's allegations in the light most favorable to the plaintiff and accepts all well-pleaded facts and allegations in the plaintiff's complaint in ruling on a motion to dismiss. *See Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir.1993).

Under the ADA, an employer shall not "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The definition of "disability" under the ADA includes an individual being "regarded as" having a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(2)(C). Memorial argues that Dr. Mattice has not alleged that he is "disabled" as defined by the ADA. Dr. Mattice does not claim that he has an actual disability; he says Memorial regarded him as having a disability.

The United States Supreme Court recently analyzed the "regarded as" defini-

tion under the ADA in *Sutton v. United Air Lines, Inc.*, 119 S.Ct. at 2149. The Court noted that there are two ways that an individual can fall within the statutory definition of "regarded as" having a disability. *Id.* at 2149–2150. The individual can show that a covered entity mistakenly believes either (1) that he has an "impairment that substantially limits one or more major life activities," or (2) that "an actual, nonlimiting impairment substantially limits one or more major life activities." *Id.* at 2150. Dr. Mattice alleges that he no longer suffers from panic disorders or depression and that his medication has been under control,[1] so his only option for stating a claim is to show that Memorial mistakenly believed that he had an impairment that substantially limited one or more major life activities.

In *Sutton,* the plaintiffs contended that their employer mistakenly believed that their physical impairments substantially limited them in the major life activity of working. They alleged that their employer's vision requirement, based on myth and stereotype, substantially limited their ability to engage in the major life activity of working by precluding them from obtaining the job of global airline pilot. The Court found that was not enough, concluding that plaintiffs' complaint failed to state a claim upon which relief could be granted. *Id.* at 2150. The Court specifically noted that the plaintiffs "contend only that [their employer] mistakenly believes their physical impairments substantially limit them in

the major life activity of the working," and then concluded that plaintiffs "have not stated a claim that [their employer] regards their impairment as substantially limiting their ability to work." At least with respect to a claim like Dr. Mattice's, then, something more than a bare allegation such as that found in the *Sutton* complaint is necessary to survive a motion to dismiss.

■ "The ADA allows employers to prefer some physical attributes over others and to establish physical criteria. An employer runs afoul of the ADA when it makes a decision based on a physical or mental impairment, real or imagined, that is regarded as substantially limiting a major life activity." *Id.* at 2150. To state a claim, a plaintiff's complaint must contain more than a mere assertion that an employer regards an employee as substantially limited in a major life activity. An employee who claims to be regarded by his employer as substantially limited in the major life activity of working must also allege that he or she is "unable to work in a broad class of jobs." *Id.* at 2151.[2] "To be substantially limited in the major life activity of working, . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs." *Id.* at 2151. It is the statutory phrase "substan-

---

**1.** Memorial cites *Sutton* for the proposition that "An impairment that might arise out of the use of medication (to correct Dr. Mattice's panic disorder and depression) is not the type of impairment protected under the ADA." This case does not require the court to decide whether it agrees with that proposition, but the *Sutton* Court seemed to say exactly the opposite in concluding that "it is apparent that if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures—both positive and negative—must be taken into account when judging whether that person is 'substantially limited' in a major life activity and thus 'disabled' under the Act." *Sutton,* 119 S.Ct. at 2146. Thus, for purposes of the

motion before it, the court considers the effects of the medication as well the panic disorder and depression in deciding if Dr. Mattice has stated a claim upon which relief can be granted.

**2.** The Supreme Court has recently drawn into question the degree of deference due to the EEOC's interpretations of the term "disability," noting that Congress did not delegate to it the authority to interpret this term. *Sutton,* 119 S.Ct. at 2145 (stating that "no agency has been delegated authority to interpret the term 'disability' "). Neither Memorial nor Dr. Sutton questions the regulations' validity, so the court will use them here. *See Muller v. Costello,* 187 F.3d 298, 313 n. 5 (2d Cir.1999).

tially limits" that requires a plaintiff to allege more in his complaint.

 In his complaint, Dr. Mattice claims that "Memorial regarded Plaintiff as continuing to have significant impairments, especially the perception that Plaintiff was significantly impaired in the major life activities of cognitive thinking and those associated with side effects from the medications used to mitigate his impairments. Memorial persisted in regarding Plaintiff as a significantly impaired physician...." Dr. Mattice claims, in other words, that he was regarded as substantially limited in the major life activity of working.[3] As in *Sutton*, where the Court found that the plaintiffs' complaint was deficient because it failed to allege that plaintiffs were unable to work in a broad class of jobs, Dr. Mattice's complaint does not allege that he was unable to work in a broad class of jobs, and so states no claim upon which relief can be granted.

In response to Memorial's renewed motion to dismiss, Dr. Mattice contends that his amended complaint "sets forth that Plaintiff is a disabled individual under the ADA in that he has a record or history of an impairment which significantly limits one or more major life activities, and that he was regarded as having such an impairment by Defendant." Dr. Mattice has not alleged that Memorial believed that Dr. Mattice was "substantially limited" in a major life activity as defined by the Supreme Court. "The statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in abroad class of jobs." *Sutton*, 119 S.Ct. at 2151. Having made no such allegation, Dr. Mattice has not stated a claim that he was regarded by Memorial as disabled. The ADA claims must be dismissed.

"It is well established that if federal claims are dismissed before trial, the federal district courts should generally dismiss the state law claims as well." *Hopkins v. Autozone, Inc.*, 182 F.3d 922 (7th Cir.1999) (citing *Vukadinovich v. Board of Sch. Trustees of the Michigan City Area Schs.*, 978 F.2d 403, 415 (7th Cir.1992)). The court dismisses without prejudice Dr. Mattice's remaining state law claims.

### III. CONCLUSION

Because the court dismisses Dr. Mattice's ADA claims and dismisses without prejudice Dr. Mattice's remaining state law claims, the court now VACATES any scheduling deadlines previously set herein, including the May 2, 2000 final pretrial conference and the May 15, 2000 trial date. In sum,

(1) defendant's renewed motion to dismiss (filed August 30, 1999; docket # 64) is GRANTED;

(2) defendant's motion for protective order (filed July 22, 1999; docket # 55) is DENIED AS MOOT;

(3) plaintiff's motion to compel (filed August 2, 1999; docket # 59) is DENIED AS MOOT; and

(4) defendant's motion to strike (filed December 7, 1999; docket # 77) is DENIED AS MOOT.

SO ORDERED.

---

3. "[T]hose [activities] associated with side effects from the medications Plaintiff used to mitigate his impairments" cannot plausibly be construed as a major life activity cognizable under the ADA. Dr. Mattice also makes reference to the major life activity of "cognitive thinking." Cognition is defined as "mental activities associated with thinking, learning, and memory." STEDMAN'S MEDICAL DICTIONARY 362 (26th ed.1995). The nature of cognitive thought (a process more involved than simply learning) coupled with the assertion that Memorial regarded the plaintiff as an impaired physician amounts to a claim that Memorial regarded him as substantially impaired in the major life activity of working.